

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

Chris Harris
    Petitioner,

vs.

United States of America
    Respondent.

Case No. 01-3387
98-30084

Motion to Set Aside Judgment
Pursuant to Federal Rules of
Civil Procedures 60(b)(4)

    COMES NOW the Petitioner, Chris Harris, proceeding in pro se to ask the court via Rule 60(b)(4) to set aside the order dated April 19, 2002, that denied Petitioner's Writ of Habeas Corpus (2255 motion) when the indictment was defective and was not reviewed to the Seventh Circuit's precedent, de novo: **U.S. vs. Torres**, 191 F.3d. 799 (1999). Furthermore, the court lacked jurisdiction and authority to give propensity to the government to expand the purview of the agreed plea agreement and the indictment. The sentence rendered was in violation of due process and the law.

### I. STATEMENT OF FACT

    Indictment: On November 20, 1998, Petitioner was indicted for the distribution of cocaine base on a two count indictment. Count 1, on or about September 28, 1998, Petitioner knowingly and intentionally distributed a controlled substance, namely, cocaine base, a Schedule II substance in violation of 21 USC §§ 841(a)(1) and 841(b)(1)(C). Count 2 is exactly as Count 1. Neither disclosed the quantity to the element of the crime which was required.

    Plea Agreement: On July 13, 1999, the court, in an open plea agreement, established Petitioner was competent to plea guilty. The court then explained the rights of Petitioner and those being surrendered and the parameters of the plea argument. The government disclosed what it would prove, detailed the two count buys (the first was for .6 grams and the second for .7 grams of cocaine base), expounded that this <u>was the sum and substance of the government's evidence,</u> and <u>stated that it had no admonishment to add</u> to the court's admonishments. After the government detailed the two counts, the court asked Petitioner how he would plea to the counts, and Petitioner accepted responsibility to both counts and pled

guilty.

Sentence: On September 1, 1999, the court sentenced Petitioner to 360 month imprisonment on each count with the sentence running concurrent. The government, arguing the PSI report, begged the plea agreement to argue that Petitioner was responsible for 16 kilograms of cocaine for the duration between 1992-1998. Furthermore, the court determined the drug weight on the preponderance of the evidence and added a gun to the sentence of conviction.

## II. STATEMENTS OF JURISDICTION

There are two prerequisites for courts to gain authority to rule on a case: first, the Constitution must provide the courts the capacity to receive authority; and second, an act of Congress must confer the authority. The Constitution's Article III, Section 2, yields the capacity to review a case or controversy, and Congress through an act renders jurisdiction by way of statute or regulation: Title 21 USC §§ 841(a)(1) and 841(b)(1)(C), Rule 11 of F.R. Crim. P., and Rule 7(c)(1) of F.R. Crim. P.

## III. AUTHORITY OF THE CASE

Constitution, Article III, Section 2, Clause 1: The judicial power shall extend to all cases, in law and equity arising under the Constitution, the laws of the United States, ...

Fifth Amendment: "No person shall be held to answer for a capital, or otherwise infamous crime unless on presentment or indictment of the grand jury." An indictment is the authority to preside over a criminal case and the limit to what a defendant can be held responsible via the cited statute(s) of violation.

Sixth Amendment: The requirement of a defendant to be informed by the indictment of the nature of the charge.

Statute 21 USC § 841(a): The unlawful act for knowingly or intentionally to manufacture, distribute, or possess with intent to manufacture or distribute a controlled substance.

Statute 21 USC § 841(b)(1)(C): The penalty for an amount (less than 5 grams of cocaine base) of controlled substance with a sentence not to exceed 20 years. See table in the

Sentencing Guidelines under § 2D1.1.

Rule 11 of Federal Rules of Criminal Procedure: The standard of an agreement between the government and a defendant that is binding once accepted by the court.

Rule 7(c)(1) of Federal Rules of Criminal Procedure: The standard required to make an indictment sufficient.

### IV. PETITIONER'S CASE

The government, using a confidential informant, made two drug controlled buys from Petitioner on September 28, 1998 in Springfield, Illinois. The first buy was for .6 grams and the second for .7 grams of cocaine base, and they transpired approximately an hour apart.

Petitioner was indicted for the two drug buys. Each buy was a count for a two count indictment. Neither count disclosed the essential element of the crime. The omission of the element of the crime made the indictment insufficient and defective. The attorney for the government still endorsed the indictment. Rule 7(c)(1) is explicit to the indictment requirements.

Counsel for defense approached Petitioner with a verbal proposal from the government that for a guilty plea, the maximum sentence would be five (5) years. The drug amount was explained and Petitioner accepted the offer.

At the open plea agreement, Petitioner, after the government detailed the two drug buys, accepted responsibility and pled guilty. The government did not raise the issue to § 851 to enhance the sentence, did express the two buys were the sum and substance of the evidence of the government, and informed the court it had no added admonishment to what the court had expressed.

At the sentencing hearing, the government, contrary to the agreement, brought witnesses to substantiate Petitioner sold 16 kilograms of cocaine base pursuant to the PSI report. The court's authority consented the government's drug claims to allow the indictment's one day crime to expand to seven years (1992-1998), to enlarge a total of 1.3 grams to 16 kilograms of cocaine base, and to include a gun for sentencing purposes when none existed in the indictment. This exceeded the court's authority and jurisdiction.

Petitioner contends the court favored the government in its rulings when Petitioner was not allowed to withdraw from the plea, and it allowed the government to expand its plea agreement and the limits of the indictment. The court was in violation of Article III § 2, Clause 1 of the Constitution.

With regards to Petitioner's acceptance of responsibility for 1.5 kilograms of cocaine base, it was poor advice from inadequate and persistent counsel who attempted to compensate for an inability to compel the government to its commitment of a 5 year maximum sentence, which would be consistent with the drug amount of the plea. Furthermore, "the failure of the indictment to allege a federal crime cannot be erred by proof at trial (or evidential hearing based on the preponderance of the evidence) by any means." **U.S. vs. Tran**, 234 F.3d. at 806. The court should have held to the agreement. The gun and drug amount violated the **Apprendi Rule**, (530 US 466).

The indictment was implicit for the transpirings of the crime: solely September 28, 1998 and under statute 21 USC § 841(b)(1)(C) with no specific amount for the element of the crime. The Court sentenced Petitioner under 21 USC § 841(b)(1)(A) based on a crime that spanned seven years on the preponderance of the evidence. The preponderance of the evidence is in violation of the stare decisis established by the Supreme Court in **Re Winship**, 397 US 358 (1970), and reinforced in **Jones vs. United States**, 527 US 373, and **Apprendi vs. New Jersey**, 530 US 466, and it is a due process violation.

The Court lacked the judicial authority and the jurisdiction to allow the government to manipulate the plea and indictment to establish enough drugs to sentence Petitioner above the statutory maximum. Moreover, to include a gun that did not exist in the indictment and use Title 21 USC § 851 when it was never established by the government at the plea.

The defection of the indictment, the omission of the amount to the crime, allowed for the government to argue the PSI report drug findings to establish Petitioner drug weight of conviction. The government used the omission to expand the indictment which justifies why omitting of the element of the crime constitutes a defective indictment.

### V. SUMMARY OF ARGUMENT

The court should have reviewed Petitioner's claim that the indictment was defective to

4

the standard of the Seventh Circuit, de novo: **U.S. vs. Torres**. Furthermore, the court lacked the authority and the jurisdiction to give government propensity and to circumvent the statute's limits to sentence Petitioner.

The indictment was insufficient because it lacked the essential elements of the crime to inform Petitioner of the extent of the crime and the insufficiency was used by the government to promote drugs that exceeded the limits of the crime. The court lacked the authority to the expanding of the indictment. The expansion was jurisdictional and requires correctional whenever disclosed.

### A. The Law

In **Russel vs. United States**, 369 US 749, 8 L.Ed. 2d 240, the court held: "In a number of cases the court has emphasized two of the protections which an indictment is intended to guarantee, reflected by two of the criteria by which the sufficiency of an indictment is to be measured. These criteria are first, whether the indictment "contains the elements of the offense intended to be charged, and sufficiency apprises the defendant of what he must be prepared to meet ... " Id., at 250, 251. In **U.S. vs. Edward**, in F. Supp. 1057 (ED Wis 2000), the court substantiates **Russell**: "The indictment must charge every element of the crime. **Carll** (105 US 611, 612) and **Torres** (191 F.3d. 799, 805) are explicit that the indictment ... without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." Id., at 1063. The indictment was lacking, defective, and due process was denied. See **United States vs. Miller**, 85 L.Ed. 2d 99 (1985).

In **U.S. vs. Torres**, 193 F.3d. 799 (7th Cir. 1999), the court: "We review contest to the sufficiency of indictment de novo ... to be sufficient, an indictment must state the elements of the crime charged..." Id., at 805. The indictment was not sufficient which constitutes it was defective, and it needed to be reviewed de novo.

### B. Jurisdiction

Judicial authority and jurisdictional issues can be raised at any time and the courts should raise sua sponte a jurisdictional concern: **United States vs. Corrick**, 298 US 435:" But the lack of jurisdiction of a federal court touching the subject matter of the jurisdiction cannot be waived by the parties, and the district could should, therefore, decline the sua sponte, to proceed in the case. And if the record discloses that the lower court was without jurisdiction,

5

this court will notice the defect, although the parties make no contention concerning it. While the district court lacked jurisdiction, we have jurisdiction based on appeal, not of the merits but merely for the purpose of correcting the error of the lower court ... " Id., at 450.

### C. The Law to a Defective Judgment

Petitioner using Rule 60(b)(4) of Federal Rules of Civil Procedure, "Judgment is void," to argue that a defective indictment or a judgment where the court lacks subject matter jurisdiction makes that judgment void. In **In re Crivello**, 134 F.3d. 831 (7th Cir. 1998), the court held, "A judgment is void, at least for the purpose of Federal Rule of Civil Procedure 60(b)(4), "if that court that rendered it lacked jurisdiction of subject matter, or if acted in a manner <u>inconsistent with due process</u> of the law."" See **U.S. vs. Indoor Cultivation Equipment**, 55 F.3d. 1311 (7th Cir. 1995): Under the typical formulation, "a judgment is void for purposes of Rule 60(b)(4), "if the court, although having jurisdiction over the parties and subject matter, entered a decree "not within the powers granted to it by the law."" Id., at 1316. If voidness is found, relief is not a discretionary matter; it is mandatory. If a judgment is void, a reasonable time limitation for relief in any 60(b)(4) is filed within a reasonable time.

The process of sentencing affected the integrity of the standard of the court proceedings. A violation of the court's judicial and jurisdictional powers or a due process denial constitutes a justification to render a judgment void: **Banks vs. U.S.**, 167 F.3d. 1082 at 1083-84 (7th Cir. 1999).

### VI. ARGUMENT

The argument stems from the fact that the indictment was insufficient which made it defective and the court should have reviewed the claim of a defective indictment de novo. Also, the court lacked subject matter jurisdiction to allow the expansion of the indictment: the one day crime to seven years, the convicted statute from 21 USC § 841(b)(1)(C) to § 841(b)(1)(A), and the gun added to the conviction when the indictment claimed none. The court, compelling Petitioner to the plea agreement, but allowing the government to veer from the two drug buys disclosed in the indictment, gives propensity to the government and it is a violation of Article III § 2 of the Constitution.

### A. The Indictment

6

The government endorsed an indictment that was defective under the Federal Rules of Criminal Procedure, Rule 7(c)(1). The insufficiency, whether neglect or ruse, allowed the government to increase the element of the crime with the PSI report. The government was involved with PSI established drugs: "And finally, Judge from the time that this pre-sentence process started, up until the time -- this morning, the defendant has falsely denied and frivolously contest this relevant conduct. We were up to 16 kilograms ... from 1992, 1993, to 1998 ..." At the sentencing hearing. The government involved itself with the PSI drug determination.

In **U.S. vs. Torres**, 191 F.3d. 799 (7th Cir. 1999), the court held the standard of review for the sufficiency of an indictment: "We review contest to the sufficiency of indictment de novo ... to be sufficient, and indictment must state the elements of the crime charged ... [to] set forth all the elements necessary to constitute the offense intended to punish." Id., at 805: The Fifth Amendment requirement.

The Fifth Amendment is a two-fold regarding an indictment: it entitles a defendant to be in jeopardy only with offenses charged by a group of his fellow citizens acting independently of either prosecutor or the judge; and it entitles a defendant to be apprised of charges against a defendant, so that he knows what he must meet at trial or a plea agreement. The court denied due process to Petitioner, and the court lacked authority and jurisdiction. The court should correct jurisdictional errors even if they were not made on appeal. This is a Fifth and Sixth Amendment denial.

### B. Plea Agreement

At the open court plea agreement, the prosecutor made three assertions: (1) the government would prove Petitioner intentionally distributed cocaine base; (2) the prosecutor detailed the indictment's two drug buys (.6 grams and .7 grams of cocaine base) and disclosed that was in sum and substance the evidence of the government; and (3) the prosecutor had no other admonishments. The government made no claim to the inclusion of filing to Title 21 USC § 851 to enhance Petitioner's sentence, or argued a gun. The government used the PSI to exceed the indictment and the plea.

The government and Petitioner are bound by the plea agreement. In **U.S. vs. Sandles**, 80 F.3d. 1145 (7th Cir. 1996), the court held that a court could not be bound to a plea because it is not a party to the agreement. In contrast, the plea stipulations does bind the parties

7

themselves.

### C. Petitioner's Standing

The indictment and the plea agreement were for two drug buys for September 28, 1998. The first buy was for .6 grams of cocaine base and the second for .7 grams of cocaine base. The determination of punishment was found in the Sentencing Guidelines § 2D1.1, Table set forth in Subsection (c): the offense level for each count is a level 16, "At least 500 MG but less than 1 G of cocaine base." Because Petitioner has a criminal history level V, the sentence for each count needed to reflect between 41-51 months and this would justify counsel's claim of the government's offer of a 5 year sentence for a guilty plea and the reason for acceptance of the plea.

The court's sentence for 360 months for each count exceeded the limit of statute 21 USC § 841(b)(1)(C) which is 240 maximum. The court's claim in the rejection of the 2255 motion to the government filing the § 851 is invalid because it should have been discussed in the plea agreement or before the plea. Also, was the § 851 filed to justify the sentence increase?

The court's action prejudiced Petitioner, denied due process, exceeded court jurisdiction, and the judgment should be declared void. **Webb vs. James**, 147 F.3d. 617 (7th Cir. 1998), defendants are entitled to relief to Rule 60(b)(4) if the judgment is void and the court that rendered it lacked jurisdiction or acted in a manner inconsistent with due process of law. Id., at 622. See **Mongoles vs. Johns**, 660 F.2d. 291, 295 (1987) a defendant must allege that the court lacked jurisdiction.

The court had leaning toward the government and its actions justifies the claim. The court cannot allow the expansion of the indictment but it did for the government; the court compelled Petitioner to the plea agreement but consented the government to add drug weight to the plea, expanded the duration of the crime, included a gun when none existed neither in the indictment nor in the plea, and to use a filing to Title 21 USC § 851 when the government disclosed at the plea it had no admonishment to add; and the court, without knowledge to the government's involvement in the PSI to establish Petitioner was responsible for 16,000 grams of cocaine base, informed Petitioner that he could be sentenced to 30 years in each count at the plea agreement, when Count 1 is .6 grams and Count 2 is .7 grams of cocaine base. The court should have reviewed Petitioner defective indictment claim de novo but <u>decided to not address the claim</u>.

8

The courts cannot have propensity to either party. In **Insurance Corp. of Ireland Ltd. vs. Compagnie de Baux ites de Guinee**, 456 US 694, the court delineated that "subject-matter jurisdiction, then, is an Article III as well as a statute requirements; it functions as a restriction of federal power ... For example, no action of parties can confer subject-matter jurisdiction upon a federal court ... a party does not waive the requirement by failing to challenge jurisdiction early in the proceeding. Similarly, a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion. Id., at 702.

The indictment was and is defective and the government used it with the court's favor to sentence Petitioner outside the parameters of the law. The judgment is in violation of the court's jurisdiction, the law, and it is void: The sentence prejudiced Petitioner by 25 years.

Because Petitioner is a pro se litigant, he asks the court to allow for correction of the arguments if inadequate to the court's standard because of **Haines vs. Kerner**, 404 US 519, 30 L.Ed. 652: a pro se Petitioner is entitled to an opportunity to support a claim to gain relief.

## VII. CONCLUSION

For the foregoing reasons, Petitioner asks the court to void the judgment and sentence Petitioner to the parameters of the plea agreement and the law, a five year sentence.

I, Chris Harris, assert that my claims are true under penalty of law.

Dated this _36_ day of April, 2005.

_____
Chris Harris  #11580026

# CERTIFICATE OF SERVICE

I, Chris Harris certify that I mailed a true copy to the United States Attorney's office to the following address:

      C.C. U. S. Attorney, Tim Bass

      600 East Monroe St.

      Springfield, Il. 62702

Date 5-6-05    Room 312

                                                  *Chris Harris*
                                                  Chris Harris