**E-FILED**
Thursday, 20 October, 2005  10:25:16 AM
Clerk, U.S. District Court, ILCD

OCT 1 9 2005

United States District Court
Central District of Illinois
Springfield Division

JOHN M.
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Chris Harris, | Case No. 01-3387 |
| Petitioner, | 98-30084 |
| V. | Appeal To Court Order |
| | Dated June 6, 2005 To |
| United States of America | The 60(b)(4) Motion |
| Respondant | |

Comes now Chris Harris, Petitioner, proceeding in pro se To appeal the Court's order dated June 6, 2005 because the Court Lacked jurisdiction To make its judgment. The Court was requested to provide the authority To allow The Government to violate the plea agreement and To include a gun, expand The duration of the crime, and increase the amount of controlled substance in the indictment for The justification of a 30 year sentence. Furthermore, The appeal is Late because Petitioner never received the order after it was rendered.

Petitioner, at the open plea, solely plead guilty To the Implication of the indictment: Count I, .6 grams of cocaine base; Count II,

1

.7 grams of cocaine base. Both transactions transpired on the same day as stated in the indictment, September 28, 1998, to the same person within a span of an hour. And this was well detailed in court by the prosecutor during the plea agreement.

Before the Court at the plea, the Government expressed it would prove the two counts in the indictment, then completed that that was the sum and substance of the government's evidence. Later, the Government stated that it had no admonishment to add to the Court's admonishment -- a court cannot admonish on its own motion, without jurisdiction.

At the plea agreement which is a contract, Petitioner acknowledged the two sales to the government informant as detailed by the prosecution. The Government proved the two drug sales and stated there was no other evidence. On July 13, 1999, the Court accepted the plea which binds both parties to the agreement. See Rule 11 of the Federal Rules of Criminal Procedure.

After the plea, the Government was allowed to violate the contract by permitting new evidence to the plea and to broaden the indictment constituting new evidence. The Government increased the duration of the crime from one day to seven years to prove by new witnesses that Petitioner sold 16 kilograms of cocaine base. Then the Government produced a witness that had observed Petitioner with a gun and that too was include to enhance the sentence. But the Court would not allow Petitioner to withdraw from the plea.

Rule 11 of F.R.Cr.P was the jurisdiction of the Court to the plea and the Court cannot gain jurisdiction from the parties involved or gain jurisdiction from it own motion. The Court exceeded its authority by allowing the Government to break the plea and to expand the indictment.

The Seventh Circuit Court, in United States V Staniforth, 971 F2d 1355 (1992), declared that "[I]n the federal system, if you are indicted for X, you cannot be convicted of Y (unless it

3

is a Lesser included offense of X) because that
would deny you your right not to be charged
with a crime other than by a grand Jury.
Stirone V United States, 361 US 212, 217, 4 LEd
2d 25 (1960)." Id at 1357. This is an interpretation
of the Law by the Circuit Court to establish
a precedent. Increasing the duration of The
crime, the controlled substance of the plea,
and the inclusion of a gun violated this
precedent.

Regarding the jurisdiction, Harris V United States,
149 F3d 1304 (11th Cir 1998) expressed it best: "As
federal courts, we are courts of Limited
jurisdiction, deriving our power solely from
Article III of the Constitution and from the
Legislative acts of Congress --- We therefore
cannot derive power to act from the actions
of parties before us... Consequently, the
parties are incapable of conferring upon us
a jurisdictional foundation we otherwise Lack
simply by waiver of procedural default."
Id., at 1308.

The Court's judgement to allow the Government
to break from the plea agreement but

4

not Petitioner and allowing for the indictment to be broaden was without jurisdiction to make the judgment void. Moreover, broading the plea by the Government allowed for the sentencing to be increased from less than five years to thirty (30) years.

In the 60(b)(4), "The judgment is void," motion, The Court's judgment exceeded authority to make it void. In Burnham V Supreme Court of California, 495 US 604 (1990), the Court held: "The proposition that the judgment of a court lacking jurisdiction is void traces back to English Year Book... Traditionally the proposition was embodied in the phrase coram non judice " before a person not a judge"— meaning, in effect, that the proceeding in question was not a judicial proceeding because lawful judicial authority was not present, and could therefore not yield a judgment." Id., at 608-609.

The appeal is late because Petitioner discovered after requesting the last docket entries that the Court had ruled on his motion three months prior. See docket entry #19 where the

Court's order was returned to the court and it shows no attempt was made to insure Petitioner receive the order. The docket sheet is attached.

After discovering the ruling, Petitioner asked the court for a copy of the order and a copy of docket entry #18. Petitioner was informed the docket entry dated June 6, 2005 contained the Court's order. Letter attached.

## Conclusion

For the foregoing reason, Petitioner is providing a late appeal that the Court lacked the jurisdiction to allow the Government to break the plea contract and expand the indictment.

I, Chris Harris, swear under penalty of perjury that the foregoing is true.

Date 10-13-05

Chris Harris 11580026
FCI Englewood
9595 W Quincy Av
Littleton, Co. 80123

6

## Certificate Of Service

I, Chris Harris, certify that I mailed a true copy of the foregoing motion to the United States Attorney's office, to the following address:

United States Attorney's Office
600 East Monroe St.
Springfield, IL. 62702

Date 10/13/05

_Chris Harris_
Chris Harris